I respectfully dissent.
The majority opinion nicely recaps recent cases involving the difficult issue of trying to define operability in the context of R.C. 4511.19. After this careful review, however, the conclusion is reached that because Pannent's vehicle "was not at that location fifteen minutes earlier", he did operate the vehicle while under the influence of alcohol.
In my view, the factual flaw in this reasoning is Robert Timko. As the majority relates, Pannent admitted driving the vehicle to the Albion Road location where he ran out of gas, but Pannent does not admit that at that time he had a breath alcohol level in excess of the legal limit. Pannent relates he went to his parents' home, drank more beer, telephoned Timko, and then returned to the vehicle to await Timko's arrival. This testimony is corroborated by Timko who testified that Pannent called him at approximately 6:20 p.m. and that he drove to the Albion Roadlocation an hour and forty minutes later, but could not locate Pannent's vehicle. Given this state of the evidence, how can the state prove Pannent's breath alcohol level prior to the time he made the call to Timko, and how can the state establish that a vehicle without gasoline is capable of movement?
Further, in State v. Mackie (March 27, 1998), Hamilton App. No. 961145, unreported, a case with very similar facts to the instant case, the appellant there testified that sometime between 1:00 and 2:00 a.m., he lost control of his car due to icy road conditions, slid off the road, hit two mailboxes, and landed in a snow bank, coming to rest on a decorative telephone pole lying on the ground. Mackie walked home, attempted to summon help, and consumed alcoholic beverages. He returned to the car between 4:00 and 5:00 a.m. Officer Herb West of the Hamilton County Sheriff's Department responded to the scene and though Mackie was not in the car and it was not running when he arrived, West administered field sobriety tests and arrested Mackie, and the trial court convicted him of violating R.C. 4511.19(A) (1) and (A) (3).
Mackie appealed, arguing he could not have been convicted of operating the vehicle since it was not capable of movement. The appellate court agreed.
In Mackie, the court there held that inoperability is a defense upon which the defendant bears the burden of proof. The court concluded that when Mackie was intoxicated, the vehicle was immobile and no evidence showed it could be moved.
Similarly, here, after he ran out of gas, Pannent left the vehicle, walked to his home, called for assistance, consumed more beer, and then returned to the vehicle to await the delivery of the gasoline. No evidence has been presented that the vehicle had potential for movement without fuel or that Pannent had a breath alcohol level in excess of the legal limit at the time he ran out of gas on Albion Road. See also State v. Traina (March 6, 1995), Mahoning App. No. 94CA52, unreported.
For these reasons, I would reverse the judgment of conviction and discharge the appellant.